UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**ANTONIO-DIONTE: WILLIAMSON**　　　　　　　　　　　　　　　**PETITIONER**

**v.**　　　　　　　　　　　　　　**CIVIL ACTION NO. 3:23-CV-P339-JHM**

**TIM WAKEFIELD**　　　　　　　　　　　　　　　　　　　　　　　**RESPONDENT**

**MEMORANDUM OPINION**

This action was opened as a 28 U.S.C. § 2254 habeas corpus action based on a filing signed by Valencia Marie Cox, who states that she is the "authorized representative" of Petitioner Antonio-Dionte: Williamson and has "power of attorney" (POA) (DN 1).[1] For the reasons set forth below, this case must be dismissed for lack of jurisdiction.

**I.**

Any petition for a writ of habeas corpus must be in writing and "signed and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. In order to act on a prisoner's behalf, a putative next friend must demonstrate that the prisoner is unable to prosecute the case on his own behalf due to "inaccessibility, mental incompetence, or other disability" and that the next friend is "truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990); *see also West v. Bell*, 242 F.3d 338, 341 (6th Cir. 2001); *Franklin v. Francis*, 144 F.3d 429, 432 (6th Cir. 1998). The putative next friend must clearly establish "the propriety of [her] status" in

---

[1] Upon review of this filing, the Court instructed Petitioner to complete a Court-supplied form. Cox then filed a "Notice of Objection to Court's Order on Grounds of Equity." Therein, she states that this action should not have been opened as a § 2254 action because it was filed as a "Writ of Habeas Corpus" and because it is not related to any state case but to Petitioner's federal case in which he is "being held in custody against [his] will and in breach of an established trust." The Court, however, need not address this issue since it finds that it lacks jurisdiction over this action.

order to "justify the jurisdiction of the court." *Whitmore*, 495 U.S. at 164. Standing to proceed as next friend on behalf of a prisoner "is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id.* at 163.

By prior Order, the Court directed Cox to show that she qualifies for next-friend status by establishing that 1) Petitioner is incompetent or otherwise incapable of pursuing the instant action on his own behalf; and 2) she is truly dedicated to Petitioner's best interests.[2] Cox filed a response to this Order in which she states that she has "Power of Attorney in writing as well as POA filed on IRS 2848." She then states that she is "truly dedicated to [Petitioner]'s best interests" and she is "committed to ensuring that he receives the best outcome possible." She writes that "[P]etitioner is clearly unable to present himself in this case, as evidenced by his incarceration and the facts that he has restricted access to legal documents."

Here, even if the Court assumes that Cox is truly dedicated to Petitioner's best interest, she lacks standing to pursue this action because she has failed to show that Petitioner is incompetent or incapacitated. *See Tate v. United States*, 72 F. App'x 265, 267 (6th Cir. 2003) (holding that mother's failure to demonstrate son's incompetence or incapacity was "fatal" to her request for next-friend status). Indeed, Cox's main argument seems to be that Petitioner is inaccessible because he is incarcerated and "has restricted access to legal documents." However, the fact of incarceration itself is insufficient to show that a petitioner is inaccessible under *Whitmore*. *See, e.g.*, *Francis v. Warden, FCC Coleman-USP*, 246 F. App'x 621, 623 (11th Cir. Aug. 28, 2007) (denying next-friend status sought on grounds that the petitioner was incarcerated and "unable to initiate the petition" because "there is no reason to think [the petitioner]'s incarceration alone

---

[2] The Court also mailed a copy of this Order to Petitioner at Oldham County Detention Center (OCDC) where Cox stated that Petitioner was being detained. However, this copy of the Order was returned to the Court by the United States Postal Service in an envelope with a label stating, "Return to Sender, Refused, Unable to Forward" and a stamp that reads "Inmate No Longer Here."

would prevent him of initiating a habeas action on his own behalf"); *Washington v. Neil*, No. 1:18-cv-00589, 2019 U.S. Dist. LEXIS 167924, at *5-7 (S.D. Ohio Sept. 30, 2019) (holding that pretrial detainee's father failed to show that his son was "inaccessible" under *Whitmore* despite father's argument that the detainee could not file the petition on his own behalf since he was incarcerated and had "no knowledge of the law"); *Avent v. D.C.*, No. 08-0020 (JR), 2009 U.S. Dist. LEXIS 11674, at *3 (D.D.C. Feb. 13, 2009) (finding mother had failed to show that son was inaccessible just because he was incarcerated since "prisoners can, and do, bring civil suits all the time").

Moreover, a power of attorney does not necessarily authorize someone to file a habeas petition on another's behalf. *See, e.g.*, *Weber v. Garza*, 570 F.2d 511, 513 (5th Cir. 1978) (individual with power of attorney could not act as attorney for habeas petitioner without establishing necessity for resort to next-friend device); *Williams v. Fink*, No. 17-cv-11014, 2017 U.S. Dist. LEXIS 126409, at *3 (E.D. Mich. Aug. 9, 2017) (holding that a power of attorney did not give mother standing to file a habeas petition on her son's behalf); *Vartinelli v. Burt*, No. 1:14-CV-45, 2014 U.S. Dist. LEXIS 15265, at *5 (W.D. Mich. Feb. 7, 2014) (noting that a power of attorney does not by itself turn the filer into a "next friend" with the authority to pursue a § 2254 petition on petitioner's behalf); *cf. Cardin v. United States*, No. 18-5389, 2020 U.S. App. LEXIS 617, at *5 (6th Cir. Jan. 9, 2020) (declining to address whether an "unlimited" power of attorney gave petitioner's sister authority to file a 28 U.S.C § 2255 motion on petitioner's behalf).

For these reasons, the Court concludes that Cox has failed to establish that she should be granted next-friend status. She therefore lacks standing to bring this action, and it must dismissed for lack of jurisdiction. *See Tate v. United States*, 72 F. App'x 265 (6th Cir. 2003) (affirming district's court's dismissal of habeas action for lack of jurisdiction after concluding the two filers

lacked standing to proceed on the petitioner's behalf since they had not been granted next-friend status).

Date: October 3, 2023

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Valencia Cox
4414.011